UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN JAMES STEWART,

        Plaintiff,

v.                                        Case No. 06-CV-14463

DR. TAI, CRAIG CRAWFORD,
DR. VAN GOETHEM, JOHN C.
RUSHBROOK, PATRICIA CARUSO

        Defendants.
_____/

**ORDER OF PARTIAL SUMMARY DISMISSAL AND
DIRECTING PLAINTIFF TO PROVIDE ADDITIONAL SERVICE COPIES**

State prisoner Ryan James Stewart ("Plaintiff"), has filed a *pro se* civil rights complaint with this court. Plaintiff has been granted leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff is a state prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. The actions giving rise to this complaint arose while Plaintiff was incarcerated at the Egeler Reception and Guidance Center ("RGC") or the Southern Michigan Correctional Facility ("SMCF") in Jackson, Michigan. The Defendants are RGC psychiatrist Dr. Tai, RGC chief psychologist Craig Crawford, SMCF psychiatrist Dr. Van Geothem, Director of the Central Region Corrections Mental Health Program Dr. John C. Rushbrook and Michigan Department of Corrections Director Patricia Caruso.

In his complaint, Plaintiff alleges that Defendants Tai, Crawford, Van Geothem and Rushbrook violated his Eighth Amendment rights by abruptly and improperly

1

discontinuing his mental illness medications, which caused him to suffer physical and emotional problems. Plaintiff does not indicate what role, if any, Defendant Caruso, had in this matter. Plaintiff seeks monetary damages and other appropriate relief.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, the court finds that Plaintiff's § 1983 claims against Defendant Caruso is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Plaintiff's claims against Defendant Caruso must be dismissed because Plaintiff has failed to allege facts demonstrating her involvement in the events giving rise to his complaint. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978) (stating that § 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't of Corr.*, 69 F.3d 716, 727-28 (6th Cir. 1995) (finding that plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to Defendant Caruso. He has failed to allege facts indicating that Caruso had any personal or direct involvement in conduct concerning his mental health or medical treatment. The mere fact that Defendant Caruso had supervisory authority over the other Defendants, or may have denied Plaintiff's grievances, is insufficient to state a claim for relief under § 1983. Plaintiff's claims against Defendant Caruso must therefore be dismissed.

Having reviewed the complaint, and given the liberal pleading standard for *pro se* actions, the court finds that Plaintiff's claims against the remaining Defendants are not subject to dismissal at this time. Plaintiff, however, has not provided the court with sufficient copies for service upon those Defendants. Accordingly,

IT IS ORDERED that Plaintiff's claims against Defendant Caruso are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

IT IS FURTHER ORDERED that Plaintiff submit four additional copies of the complaint to the court within **28 days** of the filing date of this order so that service may be effectuated. The court shall provide Plaintiff with one copy of the complaint to assist

in this endeavor. This copy should be returned to the court with the additional four copies. Failure to comply with this order may result in dismissal of this action.

                                                     s/Robert H. Cleland  
                                                     ROBERT H. CLELAND  
                                                     UNITED STATES DISTRICT JUDGE

Dated: November 21, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2006, by electronic and/or ordinary mail.

                                                     s/Lisa Wagner  
                                                     Case Manager and Deputy Clerk  
                                                     (313) 234-5522