# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

RYAN J. STEWART,

     **Plaintiff,**     **CIVIL ACTION NO. 06-14463**

  **vs.**

             **DISTRICT JUDGE ROBERT H. CLELAND**

 **DR. TAI, et. al.,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**

     **Defendants.**

_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR APPOINTMENT OF COUNSEL

   This is a prisoner civil rights complaint brought under 42 U.S.C. § 1983.  Before the Court is Plaintiff's Motion For Appointment of Counsel.  This Court believes that  appointment of counsel at this stage of the litigation is unwarranted.

   Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances.  In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself.  This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted).  *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995)("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'").  At this time, the Court declines to exercise its discretion to appoint counsel to represent Plaintiff.  Plaintiff has adequately alleged the

claims forming the basis of this § 1983 lawsuit indicating his basic understanding of the legal process. The Court has considered Plaintiff's alleged mental state, and its effect on his ability to represent himself. *See Bradford v. Purkett*, 2006 WL 1495067 (E.D. Mo. May 24, 2006). Accordingly, Plaintiff's Motion For Appointment of Counsel is DENIED without prejudice.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: January 28, 2007                  s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Order was served upon Ryan J. Stewart on this date.

Dated: January 28, 2007                  s/ Lisa C. Bartlett
                                         Courtroom Deputy