UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN STEWART,
        Plaintiff,           CIVIL ACTION NO. 06-CV-14463-DT

vs.

                                  DISTRICT JUDGE ROBERT H. CLELAND

DR. TAI, et al.,            MAGISTRATE JUDGE MONA K. MAJZOUB
        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** This Court recommends that Defendants' Motion to Dismiss filed on January 16, 2007 (docket no. 11) be **GRANTED**.

**II.    REPORT:**

This prisoner civil rights case under 42 U.S.C. § 1983 comes before the Court on Defendants' Motion to Dismiss filed on January 16, 2007. (Docket no.11). Plaintiff has filed a Response. (Docket no. 16). Defendants have filed a Reply brief. (Docket no. 17). All pretrial matters have been referred to the undersigned for decision, and these matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 10).

    *A.    Factual and Procedural Background*

Plaintiff was a prisoner at the time he filed his Complaint incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. (Docket no. 1 at 2). During the incident complained of he was housed at either the Egeler Reception and Guidance Center (RGC) or Southern Michigan Correctional Facility. Defendant Dr. Tai was at the time a Psychiatrist at RGC. Defendant Craig Crawford was the Chief Psychologist at RGC. Defendant Rushbrook was the Director of the Central Region Corrections Mental Health Program. Defendant Dr. Van Geothem was the Psychiatrist at

Southern Michigan Correctional Facility.[1]  (*Id.*)  All of these Defendants are moving to have this case dismissed.

Plaintiff claims that he was diagnosed as being bipolar in 1997.  (*Id.* at 3).  He was incarcerated on May 2, 2003 and arrived at RGC on May 12, 2003.  (*Id.* at 3-4).  A nurse who is not a named Defendant screened him on May 12 at RGC, but allegedly told Plaintiff that none of his medications were available.  (*Id.* at 4).  He stayed at RGC for approximately four weeks and then was transferred to Southern.  (*Id.* at 5).  He had been on several medications prior to his incarceration.  These medications are Klonopin, Lamictal, Tegretol, Neurontin, Risperdal, and Prozac.  (*Id.* at 4).  Plaintiff claims that his medications were abruptly discontinued when he arrived at RGC and that Dr. Tai and Defendant Crawford were not interested in "the way [he] was feeling" and "would not prescribe medications to relieve the withdrawal" from these medications he was previously taking.  (*Id.*)

Plaintiff states that he suffered from many adverse effects because of the discontinuation of these medications such as constipation, disorientation, shaking, ear problems, hallucinations, deterioration of his eyesight which now requires him to wear prescription glasses, partial lack of memory, and loss of weight.  (*Id.* at 4-5).  Plaintiff alleges that Dr. Van Goethem at Southern refused to prescribe him any of these medications except for Prozac.  (*Id.* at 5).  Plaintiff claims that he spent half a year in segregation because his medications were withheld from him.  (*Id.* at 5-6).  He claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment due to their "cold turkey" discontinuation of his psychotrophic medications.  (*Id.* at 7).  Plaintiff claims that Dr. Rushbrook as the Director "could have prevented this matter with his position

---

[1] Defendant Caruso, Director of the Michigan Department of Corrections, has already been dismissed from this action.  (Docket no. 5).

-2-

in the MDOC." (*Id.* at 8). Plaintiff seeks damages as relief, in part for his "emotional and mental duress for the intentional infliction of pain and suffering." (*Id.*)

Defendants argue that this action should be dismissed under Fed. R. Civ. P. 12(b) because Plaintiff has failed to exhaust his administrative remedies, because he has failed to state claim upon which relief may be granted, and because he is not entitled to relief for mental or emotional injuries because he has failed to allege a prior physical injury. (Docket no. 11). Defendants also contend that this action may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff has failed to state a claim for relief. (*Id.*)

      B.     *Standard of Review*

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The prisoner must complete all levels of the grievance process before filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). The Supreme Court recently clarified that proper exhaustion requires a prisoner to comply with state procedural rules such as time limits for filing grievances. *Woodford v. Ngo* 126 S.Ct. 2378 (2006).

Dismissal under Rule 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.* To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*C.     Exhaustion*

Plaintiff alleges that he has fully exhausted his administrative remedies. (Docket no. 1 at 2). He states that he filed grievances in Step I, II, and III of the Department of Corrections' grievance policy but that "step III was never returned." (*Id.*) Plaintiff attached to his Complaint copies of his grievances. These copies show that Plaintiff's Step I grievance is dated October 29, 2004 and that the date of incident is May 12, 2003. (*Id.* at 12). This grievance was received at Step I on November 9, 2004 and was returned to Plaintiff on November 15, 2004. (*Id.*) The copy of Plaintiff's Step II grievance shows that it is dated December 1, 2004 and it was received at Step II by the grievance coordinator on December 6, 2004. (*Id.* at 13). Director Rushbrook responded to this grievance, and it was returned to Plaintiff on December 29, 2004. (*Id.*) Director Rushbrook noted that the grievance was untimely given the May 12, 2003 date of incident, but he addressed it nevertheless. (*Id.* at 14). The Director denied Plaintiff's grievance finding that it was within the scope of professional practice for the RGC personnel to evaluate, diagnose and initiate proper mental health treatment for Plaintiff. (*Id.*) Director Rushbrook also noted that Plaintiff's history of substance abuse affected the psychiatrist's decision to reduce and change Plaintiff's medication. (*Id.*) There is no Step III grievance attached to Plaintiff's Complaint.

Defendants cite Plaintiff's admission that he did not receive a response from Step III of the grievance process. As a result, they contend that he has failed to properly exhaust his administrative remedies and that the Court lacks subject matter jurisdiction of the action. (Docket no. 11 at 9-10). Defendants' motion was filed immediately before the Supreme Court decided *Jones v. Bock*, 127 S.Ct. 910 (2007), in which the Court overruled Sixth Circuit precedent on several issues including whether an inmate is required to specially plead or demonstrate exhaustion in his Complaint. The Court held that failure to exhaust is an affirmative defense and that inmates are not required by the PLRA to specially

plead or demonstrate exhaustion in their complaints. *Id.* at 921. Although prisoners are not required to show exhaustion in their complaints, if the allegations of the complaint when taken as true show that the Plaintiff is not entitled to relief, the action is subject to dismissal for failure to state a claim. *Id.* at 920. After *Jones*, Plaintiff's failure to attach copies of his grievances to his Complaint showing full exhaustion is not fatal to his claim for relief as it was before *Jones*.

The question therefore is whether Plaintiff's admission that he filed his Step III grievance but that it was not returned to him is sufficient to show that he has not exhausted his remedies. In *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004), the court held that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." Taking Plaintiff's allegations as true, the Court must conclude that prison officials failed to timely respond to his Step III grievance. The question thus becomes whether that grievance was "properly filed." This raises the timeliness issue that Director Rushbrook noted in his Step II response. An untimely filed grievance is not a properly filed one that appropriately exhausts an issue. *See Woodford v. Ngo*, 126 S.Ct. at 2387 (proper exhaustion, exhaustion in compliance with procedural rules including deadlines, required under PLRA); *Irving v. Kelly*, 2006 WL 3511149 (E.D. Mich. Dec. 6, 2006) (applying *Woodford* to find that untimely filed grievance failed to properly exhaust issue). The Michigan Department of Corrections Grievance Policy, No. 03.02.130, requires that a Step I grievance be filed within 5 days after the inmate attempts to resolve the issue with staff. Grievance Policy, § II.W. The policy requires that the inmate attempt to resolve the issue with the staff member involved within 2 business days after becoming aware of the issue. *Id.*, § II.Q. Plaintiff's Step I grievance is dated approximately 17 months after the date of the incident being grieved. This is not timely under the policy. The Court therefore concludes that

Plaintiff failed to timely submit and properly exhaust this issue before he filed this action.[2] The action therefore should be dismissed for failure to properly exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a).

    D.    *Failure to State a Claim*

Defendants also base their motion on Plaintiff's alleged failure to state a claim of deliberate indifference to his serious medical needs. (Docket no. 11 at 3-5). Defendants contend that Plaintiff's claim is based on his disagreement on the course of treatment that the Defendants prescribed for him which fails to state a claim of an Eighth Amendment violation. (*Id.* at 12).

It is well established that a disagreement over the course of treatment prescribed by a physician fails to state an Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Plaintiff states in his Complaint that Defendants prescribed Prozac for him. (Docket no. 1 at 4-5). There is mention in his attachments of other drugs being prescribed as well such as Benadryl and Tegretol. (*Id.* at 28). Plaintiff's mother states in her affidavit that Plaintiff called her on June 7, 2003 stating that he had stopped taking Prozac ten days ago. Plaintiff reported that he does not feel the same anymore since the medications being offered were not the same as he was used to taking "on the outside." (*Id.* at 33). A fellow inmate wrote Plaintiff's mother to advise that Plaintiff told him of the changes made to his medications and that Plaintiff had said that he "kept telling them that whatever they were giving him wasn't working." (Docket no. 1-2 at 18). Plaintiff's claim must therefore be that the medications he was being given by the Defendants were not the proper

---

[2] Plaintiff stated in his grievance that he had been too ill to "proceed with any actions" earlier. However, his attachments to his Complaint show that he was well enough to write many letters to his mother during the time period in question explaining his alleged suffering due to the discontinuation of his medication. Therefore, the Court finds that his illness did not prevent him from timely grieving this issue.

medications or that they were being given in the wrong dosage.  His allegations do not support a conclusion that the treatment was so inadequate as to amount to no treatment at all.

Because Plaintiff was receiving some treatment, he has failed to show that Defendants were deliberately indifferent to his serious medical needs.  *See Estelle*, 429 U.S. at 107; *Westlake*, 537 F.2d at 860 n.5.  Plaintiff may have a claim for relief for negligence or under some other theory under state law.  However, he has failed to state an Eighth Amendment claim of deliberate indifference to his serious medical needs.  *See Kirkham v. Wilkinson*, 101 Fed. App'x 628, 630 (6th Cir. June 17, 2004) ("[A] difference in opinion between a prisoner and the medical staff about treatment does not state a cause of action.").  This action should therefore also be dismissed on this independent basis.

   *E.   Physical Injury*

The Court declines to address Defendants' remaining argument for dismissal based on Plaintiff's alleged lack of physical injury.  Plaintiff alleges that he suffered certain physical effects from the discontinuation of his medications such as deteriorated eyesight.  Such allegations, which at this stage of the case the Court must accept as true, are likely sufficient to avoid dismissal based on a lack of physical injury.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

*& Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 7, 2007         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Ryan Stewart and Counsel of Record on this date.

Dated: March 07, 2007        s/ Lisa C. Bartlett
                             Courtroom Deputy